The Memorandum Decision below is hereby signed.
Dated: September 25, 2008.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| ERIC LEROY WIGGINS, | ) | Case No. 08-00389 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for Publication in |
| | ) | West's Bankruptcy Reporter |

MEMORANDUM DECISION RE REDUCING PETITION PREPARER'S FEE

On August 20, 2008, the petition preparer in this case, Cheryl Brooke, filed a disclosure of compensation stating that she has agreed to accept a fee of $1,199.00 from the debtor.[1] This is an exceptionally high fee, yet Ms. Brooke's fee disclosure failed to provide any information about the documents she prepared or the services she provided. Without more, the court had no way to evaluate the reasonableness of this fee. Accordingly, on August 27, 2008, the court issued an order to Ms.

---

[1] The court's prior order to show cause (Docket Entry ("DE") No. 30, entered August 7, 2008), directed Ms. Brooke to either file a disclosure of compensation or to appear at a hearing before the court on September 3, 2008, to show cause why any fees she has received in connection with this case ought not be disgorged. Ms. Brooke having filed a disclosure of compensation, the court's prior order to show cause (DE No. 30) was discharged and the September 3, 2008 hearing was cancelled.

Brooke directing that it was:

> ORDERED that, by **September 3, 2008**, Ms. Brooke is directed to show cause, if any she has, by a writing filed with this court, why her fee ought not be reduced as unreasonable.  It is further
> ORDERED that unless the court is satisfied with Ms. Brooke's response and discharges this show cause order in advance, Ms. Brooke shall appear at a hearing before this court on **September 10, 2008, at 9:30 a.m.**, to address the reasonableness of her fee.

Ms. Brooke failed to comply with either provision of the order, having submitted no writing to show why her fee ought not be reduced, and having failed to appear at today's hearing.

In the absence of any evidence as to the work she performed, I must assume that she acted only as a scrivener, merely typing information that the debtor provided to her.  Moreover, according to Ms. Brooke's Form B19 Declaration, she was involved only with the preparation of the voluntary petition, Exhibit D, the application to pay filing fee in installments, the statement of social security number, and the creditor matrix with verification.  If the reason for the high fee she charged was that she was providing the debtor with legal guidance as to what ought to go on the papers filed in the case, that would constitute the unauthorized practice of law, and she ought not be compensated for that type of work.  I will accordingly reduce her fee to $75.00 as a reasonable fee for typing up the voluntary petition, Exhibit D, the application to pay filing fee in installments, the statement of social security number, and the

creditor matrix with verification in this case. Ms. Brooke shall not be entitled to collect any amount in excess of $75.00, and to the extent Ms. Brooke has already received payment in excess of $75.00, I will direct disgorgement of such amounts.[2]

An order follows providing that Ms. Brooke shall not be entitled to collect a fee in connection with this case in excess of $75.00, and directing Ms. Brooke to file a statement with the court within 21 days after entry of the order verifying what amounts of the fee she has collected.

[Signed and dated above.]

Copies to: Debtor; Chapter 13 Trustee; Office of U.S. Trustee; and:

Cheryl Brooke
PO Box 1147
Bowie, MD 20774

---

[2] The court notes that Ms. Brooke's disclosure of compensation states that, prior to the filing of the statement, Ms. Brooke has not received any of the fee charged. On the other hand, Ms. Brooke checked the box indicating that "[t]he source of the compensation paid to me was: [the] Debtor," which suggests that Ms. Brooke may have already received some amount of the fee from the debtor. In any event, the fee disclosure having been filed on August 20, 2008, it is possible that Ms. Brooke has since collected some or all of the fee.